AO 241 (Rev. 5/85)

PETITION UNDER 28 USC § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY



FILED
JUN 21 2021
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

| United States District Court | District Eastern |
|---|---|

| Name Ezekiel Isiah Delgado | Prisoner No. BA1773 | Case No. 2:21 CV 1084 DB HC |
|---|---|---|

Place of Confinement
Sacramento County Main Jail  X: 4388915
651 I Street
Sacramento, CA 95814

Name of Petitioner (include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

Ezekiel Isiah Delgado    v. People of the State of California

The Attorney General of the State of: California

# PETITION

1. Name and location of court which entered the judgment of conviction under attack _____
   Superior Court of California County of Sacramento. 720 9th St., Sacramento, CA 95814

2. Date of judgment of conviction  7/10/2020

3. Length of sentence  100Y to life

4. Nature of offense involved (all counts)  Double homicide
   _____
   _____
   _____
   _____

5. What was your plea? (Check one)
   (a) Not guilty        ☒
   (b) Guilty            ☐
   (c) Nolo contendere   ☐
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   _____
   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury       ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

AO 241    (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court _The Court of Appeal of the State of California Third Appellate District_

   (b) Result _Reversed and remanded to Trial Court_

   (c) Date of result and citation, if known _10/1/18 . C082480_

   (d) Grounds raised _See attachment "A"._

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

   (1) Name of court _The Supreme Court of the State of California_

   (2) Result _Petition for review denied_

   (3) Date of result and citation, if known _1/2/2019_

   (4) Grounds raised _See attchment "B"_

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

   (1) Name of court _____

   (2) Result _____

   (3) Date of result and citation, if known _____

   (4) Grounds raised _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☐    No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

AO 241 (Rev. 5/85)

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____

(2) Name of proceeding _____

_____

(3) Grounds raised _____

_____

_____

_____

_____

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☐   No ☐
    (2) Second petition, etc.   Yes ☐   No ☐

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241    (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Whether the Prosecution failed to demonstrate Appellant's statement was admissible under Miranda, Seibert or Voluntariness standard, denying due process and a fair trial.

Supporting FACTS (state *briefly* without citing cases or law): Ezekiel, a minor, was arrested and transported to an interrogation room and shackled. He was interrogated by two interrogation teams. There was no Miranda advisement prior to Law Enforcement obtaining the false confession. Once the confession was obtained a seasoned detective - who watched the confession through a one-way mirror - told the second detective via text message that it was time to Mirandize the minor. Ezekiel was then told to repeat what he said. He did so.

B. Ground two: The Court erred in denying Appellant's motion to suppress his police statement on grounds of an unlawful arrest and unduly prolong detention in violation of the 4th Amendment

Supporting FACTS (state *briefly* without citing cases or law): The police lacked probable cause to arrest Ezekiel. They relied on Ezekiel's verbal statement about a potential warrant to arrest him. Ezekiel was handcuffed, transported to an interrogation room, and interrogated him in an accusatory manner with no follow up on the warrant for hours. In the end, police found there was no warrant for his arrest, unlike the other suspects.

(5)

C. Ground three: _The record does not reflect substantial evidence of premeditation and deliberation or felony murder denying appellant due process of law._

Supporting FACTS (state *briefly* without citing cases or law): _____

D. Ground four: _The Court erred in instructing upon a late theory of felony-murder that was unsupported, denying appellant due process, a fair trial, fair notice to defend on all elements of Murder._

Supporting FACTS (state *briefly* without citing cases or law):

_There was no evidence or allegation suggesting that Ezekiel could be convicted of Felony murder based on robbery. Defense counsel had no opportunity to adduce evidence on the question._

_* See Attachment "C" for more grounds._

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
    Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary hearing _Kevin Adamson_

    (b) At arraignment and plea _Kevin Adamson_

AO 241 (Rev. 5/85)

    (c) At trial _Kevin Adamson_

    (d) At sentencing _Kevin Adamson_

    (e) On appeal _Joseph C. Shipp_

    (f) In any post-conviction proceeding _Kevin Adamson_

    (g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒
    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_6/9/21_
Date

_[signature]_
Signature of Petitioner

(7)

# ATTACHMENT A

xrof #BA1773

I. Respondent's discussion of custody for purposes of Miranda is unpersuasive: the warned and unwarned portion of the interview is likewise inadmissible both under *Siebert* and the particular facts here: neither error is remotely harmless beyond a reasonable doubt under *Chapman* in an admissions case among accomplices

II. The Court erred in denying appellant's motion to suppress his police statement on grounds of an unlawful arrest in violation of the Fourth Amendment

III. The record does not reflect substantial evidence of premeditation and deliberation of felony murder

IV. The Court erred in instructing upon a late theory of felony-murder that was late and unsupported

V. The Court's instruction on voluntary intoxication was prejudicially inadequate because it did not make clear jurors had to consider this evidence; the error is cognizable

VI. CALCRIM NO. 625 acutely and improperly foreclosed consideration of intoxication on the mens rea elements of self-defense (Especially unreasonable self-defense manslaughter) (issue pending review in *People v. Soto*, No. S236164)

Xref #
BA1773

# ATTACHMENT B

X Ref# BA1773

I. The prosecution failed to demonstrate appellant's police statement (warned and unwarned) was admissible under *Miranda*, *Seibert*, or voluntariness standards, denying appellant state and federal due process, a fair trial, and his constitutional rights protected by *Miranda*

II. The Court erred in denying appellant's motion to suppress his police statement on grounds of an unlawful arrest and unduly prolonged detention in violation of the fourth amendment

III. The record does not reflect substantial evidence of premeditation and deliberation or felony murder, denying appellant due process of law

IV. The Court erred in instructing a late theory of felony-murder that was unsupported, denying appellant due process, a fair trial, fair notice to defend, and his right to a jury determination on all essential elements of murder

V. The Court's instruction on voluntary intoxication was prejudicially inadequate because it did not make clear jurors had to consider this evidence, denying appellant due process of law and his right to a jury determination on all issues

VI. Despite the recent decision in *Soto*, for purposes of exhaustion of state remedies, appellant stands upon his state and federal constitutional challenges to CALCRIM NO. 625 (including denials of equal protection, he right to present a defense, and the right to be present evidence discussed in *Egelhoff*)

VII. The Cumulative effect of the errors deprived appellant of due process and a fair trial by an impartial jury and requires reversal of the judgment

XRef # BA1773

# ATTACHMENT C

X Ref # BA1773

E. Ground five: The Court's Instruction on Voluntary Intoxication was prejudicially inadequate because it did not make clear jurors had to consider this evidence, denying appellant due process of law and his right to a jury determination on all issues

Supporting FACTS (state *briefly* without citing cases or law):

The Jury instruction on voluntary intoxication stated the jurors "may" consider all evidence regarding instruction. It did not state the required standard that jurors "must" consider all the evidence regarding intoxication.


F. Ground six: The instruction, CalCrim No. 65, as provided to the Jury violated Ezekiel's state and federal rights including Equal Protection, the right to present a defense, and the right to present evidence.

Supporting FACTS (state *briefly* without citing cases or law):

The CALCRIM homicide-intoxication instruction affirmatively foreclosed consideration of intoxication on any issues or "for an other purpose" except premeditation, intent to kill, and unconsciousness.

The limiting instruction was based on attempts to implement legislative amendments to Penal Code 29.4, inspired by drunk driving deaths. The limiting instruction was applied in this case and therefore improper.


G. Ground seven: The cumulative effect of the errors discussed above deprived Ezekiel of due process of law and a fair trial by an impartial jury and requires reversal of the judgment.

Supporting FACTS (state *briefly* without citing cases or law):

XRef #BA1773